ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of -- | ) |
| | ) |
| ACC Construction Co., Inc. | ) ASBCA Nos. 62265, 62937 |
| | ) |
| Under Contract No. W912QR-17-C-0021 | ) |

APPEARANCES FOR THE APPELLANT: Lochlin B. Samples, Esq.
Jacob W. Scott, Esq.
Mackenzie P. Bell, Esq.
  Smith, Currie & Hancock LLP
  Atlanta, GA

APPEARANCES FOR THE GOVERNMENT: Michael P. Goodman, Esq.
  Engineer Chief Trial Attorney
R. Lauren Horner, Esq.
Brett R. Howard, Esq.
  Engineer Trial Attorneys
U.S. Army Engineer District, Louisville

OPINION BY ADMINISTRATIVE JUDGE MELNICK ON THE GOVERNMENT'S
MOTION TO STRIKE THE FIRST AMENDED COMPLAINT

The government seeks to strike ACC Construction Co., Inc.'s (ACC) July 12, 2021, first amended complaint. The government contends that the amended complaint alters allegations made in the original complaint without leave to amend and raises a new issue not advanced in either of the claims submitted to the contracting officer. The motion is partially granted and partially denied.

ACC's original claim, dated May 14, 2019, stems from a contract to design and construct various facilities for the United States Army Reserve in Virginia. It sought the costs (along with extra time) associated with unexpected storm water drainage requirements imposed by Virginia, basing the government's liability upon theories of defective specifications and constructive change. (R4, tab 3) Upon denial of that claim, ACC appealed here and that proceeding became ASBCA No. 62265. ACC's original complaint added differing site conditions and breach of the implied duty of good faith and fair dealing to its list of legal theories.

On February 12, 2021, after conducting discovery, ACC submitted another claim to the contracting officer. The new claim alleged that the government did not disclose its prior knowledge that the construction project had been classified as an industrial site. It also alleged that the government failed to disclose it had earlier

dealings with the relevant Virginia agency and "experienced, issues, delays, and problems." (R4, tab 42 at 2977, 2986, 2991-93) Accordingly, ACC sought recovery under the theory of superior knowledge. That matter was also appealed to the Board upon denial of the claim and assigned ASBCA No. 62937. The appeals were consolidated and ACC filed an amended complaint on July 12, 2021.

The government maintains that the new complaint alters certain prior allegations without seeking leave from the Board to do so. It also argues that a newly raised issue has never been presented to the contracting officer, and is therefore not within the Board's jurisdiction to consider. Finally, the government generally complains that, rather than add its new allegations to the end of the original complaint, ACC revised, re-phrased, and edited the original in a manner that will unfairly require the government to draft an entirely new answer.

We turn first to the altered language. The government accurately observes that the amended answer goes beyond simply adding superior knowledge allegations. Instead, it rewrites some of the allegations of the original complaint. These modifications strike us as a refinement by ACC of its case after performing discovery and further considering the evidence. The government does not argue that any of these changes unfairly prejudice it by, for instance, retracting key prior admissions that the government had been led to believe it could rely upon. Though ACC should have sought leave ahead of time to amend its prior allegations, the absence of demonstrated prejudice to the government compels the conclusion that such a request would have been granted. Nor are we persuaded by the government's suggestion that it is unfair to expect it to perform the work of drafting an answer to the amended complaint. We are confident the government is up to the challenge. Accordingly, we will not strike the complaint because of the changes to the allegations in the first complaint.

Turning to the government's jurisdictional challenge, the original claim and complaint contained a category seeking costs arising from Virginia's delay reviewing the project, the need for ACC to redesign and resubmit plans to satisfy Virginia, and time lost because of the postponement of project work into the cold season (R4, tab 3 at 19-20, 25-32; compl. at 2). ACC's second claim, premised upon a superior knowledge theory, adds that the government withheld vital information about the site's industrial classification, as well as the difficulty of dealing with Virginia, also causing the review, redesign, and weather related delays (R4, tab 42 at 2986-94). However, ACC's amended complaint injects still another factual basis for recovering under its superior knowledge theory. In addition to its allegations about the industrial site and difficulties with Virginia, the new complaint also alleges that the government failed to disclose that it had not followed standard operating procedures requiring coordination and design development (am. compl. at 3, ¶¶ 26, 50, 78, 127, 179). This is a new, separate operative factual allegation that has never been presented to the contracting

2

officer.* When an amended complaint relies upon different operative facts than what was previously submitted to the contracting officer, the Board lacks jurisdiction to decide the un-submitted matter. *See Gold Tree Techs., Inc.*, ASBCA Nos. 54158, 54159, 05-1 BCA ¶ 32,856 at 162,803; *see also Lee's Ford Dock, Inc.*, ASBCA No. 59041, 14-1 BCA ¶ 35,679 at 174,638-41 (explaining that whether a superior knowledge claim is a new claim depends upon whether the operative facts described in the claim communicated the particular disparity of knowledge between the contractor and the government before award), *aff'd in part and dismissed in part*, 865 F.3d 1361 (Fed. Cir. 2017). Because the claim related to the government's failure to follow standard operating procedures is beyond the Board's jurisdiction, it must be stricken from the amended complaint. *See Alfajer, Ltd.*, ASBCA No. 62125, 20-1 BCA ¶ 37,660 at 182,859 (striking allegations over which the Board does not possess jurisdiction). Accordingly, we grant the government's motion to the extent that we strike clause (3) in the first paragraph of page 3 of the amended complaint, as well as paragraphs 26, 50, 78, 127, and 179.

Dated: September 22, 2021

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

---

* If ACC had included the allegation that the government had not followed its usual procedures as part of its explanation of the events leading to the government's failure to disclose its superior knowledge about site classification and problems with Virginia, we would likely have found the allegations permissible and the sort of information routinely uncovered during discovery that a party could be forgiven for not including in its claim. Here, though, ACC is alleging that the failure to disclose that the government did not follow its procedures is, itself, an instance of superior knowledge. The new allegations, supporting an entirely different piece of information allegedly withheld from ACC cannot be seen as a mere refinement of the evidence.

I concur                                    I concur

RICHARD SHACKLEFORD                         J. REID PROUTY
Administrative Judge                        Administrative Judge
Acting Chairman                             Vice Chairman
Armed Services Board                        Armed Services Board
of Contract Appeals                         of Contract Appeals


I certify that the foregoing is a true copy of the Opinion and Decision of the
Armed Services Board of Contract Appeals in ASBCA Nos. 62265, 62937, Appeals of
ACC Construction Co., Inc., rendered in conformance with the Board's Charter.

Dated: September 23, 2021

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

4